## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **GARY L. KENNEDY,** | § | |
| **No. 00278310,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **V.** | § | **CIVIL NO. SA-16-CA-262-XR (PMA)** |
| | § | |
| **BEXAR COUNTY, TEXAS,** | § | |
| | § | |
| Defendant. | § | |

### ORDER

Plaintiff Gary L, Kennedy, currently an inmate at the Bexar County Adult Detention Center ("BCADC"), filed a civil rights action pursuant to 42 U.S.C. § 1983 on March 11, 2016, naming as defendants the Bexar County Criminal District Attorney and two Assistant District Attorneys. In his amended complaint, filed April 15, 2016 (ECF no. 6), in response to the Magistrate Judge's Show Cause Order, Plaintiff amended his claims to substitute Bexar County, Texas as the sole defendant. For the reasons set forth below, all of Plaintiff's claims against Bexar County will be dismissed.

### I. Background

In his original complaint, Plaintiff alleged that (1) he was taken into custody on August 21, 2014 based upon a charge of cruelty to animals, (2) after Plaintiff suggested to other persons awaiting their initial appearances that they should refuse to make any plea until they were first provided an attorney, an officer Pena took him to a cell and locked him in isolation for two or three hours, (3) Pena later returned with a Magistrate who conducted the initial appearance without an attorney being present to represent him, (4) in June, 2015, while still in custody, Plaintiff was "electronically magistrated" on three additional charges, once again without an attorney being

present to represent him, and (5) on February 1, 2016, Assistant District Attorney Stout amended the indictment against Plaintiff in open court over Plaintiff's objection.  Plaintiff's original complaint requested this Court vacate all indictments against him, enjoin any further criminal prosecution, and award unspecified monetary damages.  Plaintiff filed a memorandum in support of his original complaint on March 4, 2016 (ECF no. 4), in which he alleged further that his constitutional right to the assistance of counsel attached at the time of his arrest and his state criminal prosecution should be immediately terminated because he was deprived of this constitutional right at his initial appearance within hours of his arrest, in violation of the Supreme Court's holding in *Rothgery v. Gillespie County, Texas*, 554 U.S. 191 (2008).

In a Show Cause Order issued March 23, 2016 (ECF no. 5), the Magistrate Judge informed Plaintiff that his claims appeared to be foreclosed by the doctrine of absolute prosecutorial immunity, as well as the Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971).

In his amended complaint, filed April 15, 2016 (ECF no. 6), Plaintiff (1) substituted Bexar County, Texas as the sole defendant, (2) explained an unidentified court bailiff, not officer Pena, was the person responsible for shackling Plaintiff and placing Plaintiff into an isolation cell shortly after his arrest on August 21, 2014, (3) complained that he was not furnished with an attorney prior to or at his initial appearance on that same date, in violation of the Supreme Court's holding in *Rothgery*, (4) complained the judge did not inform Plaintiff of his right to counsel at the time of his initial appearance, (5) complained he was not granted an attorney to assist him at the time Plaintiff was magistrated on additional charges in June, 2015, and (6) argued he should not be required to explain why his claims should not be dismissed as frivolous under the Supreme Court's *Younger* abstention doctrine.

2

## II. The Holding in *Rothgery v. Gillespie County, Texas*

Because it apparently forms the basis for Plaintiff's claims herein, a brief discussion of the Supreme Court's holding in *Rothgery v. Gillespie County, Texas*, 554 U.S. 191 (2008), is in order. The Supreme Court declared in *Rothgery* that "that the right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Id.*, at 194. The facts of the case are significantly different from Plaintiff's current situation. Rothgery was arrested in July, 2002 on a charge of felon in possession of a firearm and furnished what is known in Texas as an "article 15.17 hearing." He was informed of the nature of the charge against him. The magistrate determined there was probable cause for the arrest and set bond. Rothgery posted a surety bond. Rothgery unsuccessfully requested appointment of counsel for many months. In January, 2003, Rothgery was indicted, rearrested, and his bond increased. Three or four weeks later, Rothgery was finally assigned an attorney who promptly obtained a reduction in bond and assembled the paperwork which established Rothgery had no prior felony conviction. The prosecution moved to dismiss all charges against Rothgery and the trial court granted the motion. *Id.* at 197. Thus, unlike Plaintiff, at the time Rothgery brought his action against Gillespie County, Texas pursuant to § 1983, all criminal charges arising from Rothgery's arrest had been disposed of in a manner favorable to Rothgery. In contrast, the state criminal charge which forms the basis of Plaintiff's August, 2014 arrest remains pending.

The Supreme Court held Texas' article 15.17 hearing is an initial appearance at which the constitutional right to counsel attaches. *Rothgery v. Gillespie County, Texas*, 554 U.S. at 199. Counsel must be appointed *within a reasonable time after attachment* to allow for adequate

representation at any critical stage before trial, as well as at trial itself. *Id.* at 212. Contrary to the assertion underlying Plaintiff's claim herein, however, while Texas' article 15.17 hearing "plainly signals attachment," it is *not* the critical stage of the state criminal proceeding at which an attorney's presence is mandatory. *Id.* Nothing in *Rothgery* requires the appointment of counsel *prior* to the article 15.17 hearing in a Texas criminal proceeding or the physical presence of defense counsel *during* the article 15.17 hearing.

### III. <u>Standard of Review under Sections 1915(e) (2) (B) & 1915A</u>

When Congress enacted the Prison Litigation Reform Act of 1996 ("PLRA"), it specifically amended 28 U.S.C. § 1915(e) (2) (B) (i) and added new § 1915A to provide that a complaint filed by a prisoner could be dismissed as frivolous regardless of whether any filing fee or portion thereof had been paid. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999). Therefore, Plaintiff's claims herein are subject to review under § 1915(e) and dismissal as frivolous regardless of whether he paid any portion of the filing fee in this cause. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding the federal district courts are required to dismiss any action brought by a prisoner that is frivolous, malicious, fails to state a cause of action, or seeks monetary damages from a defendant who is immune from such relief); 42 U.S.C. §1997e(c).

28 U.S.C. § 1915(e) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). In an action filed *in forma pauperis*, a court may raise sua sponte the issue of whether an action is malicious or frivolous under § 1915(e). *Neitzke v.*

4

*Williams*, 490 U.S. at 327; *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999)  (holding it appropriate for a district court to *sua sponte* determine whether a claim was barred by limitations); *Schultea v. Wood*, 47 F.3d at 1434.  Dismissal of a claim as frivolous under § 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. at 325; *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Harris v. Hegmann*, 198 F.3d at 156; *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998); *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Martin v. Scott*, 156 F.3d at 580 (holding frivolous complaints by a prisoner in administrative segregation regarding restrictions on his recreation and visitation time, possession of personal property, ability to purchase items from the commissary, denial of desert, required jump suit, handcuffs during all transfers, and food that included Vita-Pro).

A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *Rogers v. Boatright*, 709 F.3d at 407; *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Harris v. Hegmann*, 198 F.3d at 156; *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. at 32-33; *Rogers v. Boatright*, 709 F.3d at 407; *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (holding dismissal as frivolous appropriate after the plaintiff is given an opportunity to amend or allege additional facts through answers to a post-complaint  questionnaire), *cert. denied*, 560 U.S. 944 (2010); *Samford v. Dretke*, 562 F.3d at 678; *Harris v. Hegmann*, 198 F.3d at 156 (holding a complaint is factually frivolous when the facts alleged are fantastic or delusional or the legal theory upon which a complaint relies is indisputably

meritless); *Davis v. Scott*, 157 F.3d at 1005 (holding the Magistrate had no duty to ask specific questions during a *Spears* hearing and that the plaintiff remains master of his complaint and is responsible for articulating the facts that give rise to a cognizable claim).

In reviewing a complaint under § 1915(e), a court is not bound to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. at 32-33; *Harris v. Hegmann*, 198 F.3d at 156; *Gartrell v. Gaylor*, 981 F.2d at 259. A district court may dismiss an In Forma Pauperis proceeding as frivolous under 28 U.S.C. § 1915(e) whenever it appears that the claim has no arguable basis in law or fact. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (upholding dismissal as frivolous of prisoner's complaint about the confiscation of a medical pass that was re-issued the same date it was confiscated); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (upholding dismissal as frivolous of prisoner's complaints (1) about alleged failure of prison officials to investigate prisoner's grievances against prison mail room and security staff, (2) of retaliation based upon plaintiff's failure to exhaust administrative remedies, and (3) about allegedly negligent loss of property); *Velasquez v. Woos*, 329 F.3d 420, 421 (5th Cir. 2003) (upholding dismissal as frivolous of prisoner's complaint about collection of DNA sample from him). In the course of making that determination, a federal court may employ an evidentiary hearing (as suggested by the Fifth Circuit's opinion in *Spears v. McCotter*, 766 F.2d 179, 180-81 (5th Cir. 1985)), or a questionnaire (as suggested by the Fifth Circuit's opinions in *Macias v. Raul A.*, 23 F.3d 94, 97 (5th

6

Cir. 1994), *cert. denied*, 513 U.S. 883 (1994), and *Parker v. Carpenter*, 978 F.2d 190, 191 (5th Cir. 1992)).  The Magistrate Judge's Show Cause Order was intended to comply with the foregoing suggestions by furnishing Plaintiff with notice of the deficiencies in his original complaint and an opportunity to file an amended pleading which alleged specific facts sufficient to avoid summary dismissal of his claims herein as frivolous.  *See Brewster v. Dretke*, 587 F.3d at 767-68 (recognizing general rule that a plaintiff should be offered an opportunity to amend his complaint before it is dismissed).

In an action under § 1915(e), a federal court may consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file.  *Harris v. Hegmann*, 198 F.3d at 156 (recognizing the propriety of a district court's raising the defense of limitations *sua sponte*); *Schultea v. Wood*, 47 F.3d at 1434 (recognizing the authority of the district court to dismiss an action based on the doctrine of qualified immunity); *Gartrell v. Gaylor*, 981 F.2d at 259; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (limitations); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (limitations).  Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of an answer.  *Brewster v. Dretke*, 587 F.3d at 767 ("The district court may dismiss an *in forma pauperis* proceeding 'before service of process or before the filing of the answer' as long as certain safeguards are met."); *Harris v. Hegmann*, 198 F.3d at 156; *Schultea v. Wood*, 47 F.3d at 1434.

A case is not frivolous simply because it fails to state a claim.  *Neitzke v. Williams*, 490 U.S. at 331; *Gartrell v. Gaylor*, 981 F.2d at 259; *Ancar v. Sara Plasma, Inc.*, 964 F.2d at 468.  However, if the claim has no arguable basis in law or fact, the complaint can be dismissed under § 1915(e). *Gartrell v. Gaylor*, 981 F.2d at 259; *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992);

*Mayfield v. Collins*, 918 F.2d 560, 561 (5th Cir. 1990). A complaint is legally frivolous if it is premised on an "undisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. at 327. An In Forma Pauperis complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(e). *Ancar v. Sara Plasma, Inc.*, 964 F.2d at 468 (complaints that are clearly baseless include those which describe fanciful, fantastic, or delusional scenarios); *Gartrell v. Gaylor*, 981 F.2d at 259. Furthermore, when it is clear from the face of the complaint that the claims asserted are subject to an obvious meritorious defense, such as a time bar, dismissal with prejudice is appropriate. *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993).

## IV. <u>Section 1983 Generally</u>

42 U.S.C. § 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of federal statutory and constitutional rights. *Sepulvado v. Jindal*, 729 F.3d 413, 420 n.17 (5th Cir. 2013), *cert. denied,* 134 S. Ct. 1789 (2014). There are two essential elements to a Section 1983 action: (1) the conduct in question must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of a right secured by the Constitution or the laws of the United States. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935 (2014).

## V. <u>***Younger*** Abstention</u>

Plaintiff's request for injunctive relief from his state prosecution is subject to dismissal under the rule set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 41 (1971) (discussing the national policy forbidding federal courts to stay or enjoin pending state court proceedings except

under special circumstances).  "Under the rule set out by the United States Supreme Court in *Younger v. Harris,* federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted."  *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004).

> In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).  If the three prerequisites are satisfied, then a federal court can assert jurisdiction only if "certain narrowly delimited exceptions to the abstention doctrine apply."

*Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012); *Texas Ass'n of Business v. Earle*, 388 F.3d at 519; *Wrightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996), *cert. denied*, 519 U.S. 1080 (1997).

The *Younger* exceptions are as follows: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.  *Bice v. Louisiana Public Defender Bd.*, 677 F.3d at 716 n.3 (*citing Trainer v. Hernandez*, 431 U.S. 434, 446-47 (1977)); *Texas Ass'n of Business v. Earle*, 388 F.3d at 519.  Plaintiff has alleged no facts showing that the state criminal charges currently pending against him fall within any of the exceptions to the *Younger* abstention doctrine recognized by the Supreme Court.  Plaintiff's requests for injunctive relief seeking the termination of all state criminal charges currently pending against him are frivolous and subject to dismissal under the *Younger* abstention doctrine.

## VI. <u>Monetary Damages Claims Against Bexar County</u>

Plaintiff also seeks unspecified monetary damages against Bexar County, Texas.  Plaintiff's amended complaint names Bexar County, Texas as the sole remaining defendant but alleges no specific facts showing that any alleged injury to Plaintiff or alleged violation of Plaintiff's federal constitutional rights was actually caused by an official policy, procedure, practice, or custom attributable to the County.  Plaintiff also complains about his current pretrial detention and the state criminal charges currently pending against him.

A.   <u>Municipal Liability Under Section 1983 Generally</u>

In order to recover a judgment against a local governmental entity under Section 1983, a plaintiff must establish that he sustained a deprivation of constitutional or other federally-protected rights as a result of some official policy, practice, or custom of that governmental entity.  *Board of County Commissioners, Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403-04 (1997); *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (holding that, for a municipality to be liable on account of its policy, the plaintiff must show among other things, either (1) the policy itself violated federal law or authorized or directed deprivation of federal rights or (2) the policy was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences); *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003).  Although occasionally referred to as if they were three distinct creatures, a local governmental entity's official "policies," "practices," and "customs" are really three different terms for those actions which sufficiently bear the imprimatur of a governmental entity's final policy-makers to justify holding the governmental entity responsible therefor.  *Board of County Commissioners, Bryan*

10

*County, Oklahoma v. Brown*, 520 U.S. at 404-05 (holding only *deliberate* conduct by a municipality which actually causes an injury is compensable under Section 1983); *Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997); *Leffall v. Dallas I.S.D.*, 28 F.3d 521, 525 (5th Cir. 1994).  An official "policy" is most commonly defined as a policy statement, ordinance, regulation, or decision that is officially adopted or promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy making authority.  *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (defining "municipal policy," in part, as a "policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority); *In re Foust*, 310 F.3d 849, 861 (5th Cir. 2002)  (holding a "formal policy" is a "statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policymaking authority").  A municipal "policy" must be a "deliberate and conscious choice" by a municipal policy-maker.  *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Pembauer v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (*plurality*); *Gonzalez v. Ysleta I.S.D.*, 996 F.2d 745, 752-60 (5th Cir. 1993); *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992).  Whereas, an official "custom" or "practice" is most commonly defined as a "persistent, widespread practice of municipal officials or employees," which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy; actual or constructive knowledge of such custom or practice must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority.  *Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012)

("The City's 'official policies,' however, include any 'persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'"); *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F.3d at 309 (holding municipal policies include persistent, widespread practices of municipal officials or employees which, although not authorized by officially adopted and promulgated policy, are so common and well settled as to constitute a custom that fairly represents municipal policy; actual or constructive knowledge of such customs must be attributable to the municipality's governing body or to an official to whom that body has delegated policy-making authority); *Burge v. St. Tammany Parish*, 336 F.3d at 369 (holding the same); *In re Foust*, 310 F.3d at 861-62 (holding a persistent, widespread, practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy will furnish a basis for municipal liability); *McClendon v. City of Columbia*, 258 F.3d 432, 441-42 (5th Cir. 2001) (holding that, in order to demonstrate a municipal policy through custom, the plaintiff must allege a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct or that serious incompetence or misbehavior was general or widespread throughout the police force).

B.  No Vicarious Liability for Municipalities

In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978), the Supreme Court held that a governmental entity can be found liable under Section 1983 only if the entity itself causes the constitutional violation at issue.  *Monell v. Department of Social Services of the City of New York*, 436 U.S. at 690-91; *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 91

(5th Cir. 1992); *Fraire v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992), *cert. denied*, 506 U.S. 973 (1992). *Respondeat superior* or vicarious liability is not a basis for recovery under Section 1983. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 122 (1992); *Monell v. Department of Social Services of the City of New York*, 436 U.S. at 691-94; Johnson v. *Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001) (holding a County may not be held liable under a *respondeat superior* theory), *cert. denied*, 534 U.S. 817 (2001); *Rhyne v. Henderson County*, 973 F.2d at 392 (holding the County could only be held liable for its non-policy-making employees' acts if the employees were carrying out County policies when they acted). A municipality may not be held liable under § 1983 solely because it employs a tortfeasor. *Board of Commissioners, Bryan County, Oklahoma v. Brown*, 520 U.S. at 403; *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Gros v. City of Grand Praire, Texas*, 181 F.3d 613, 615 (5th Cir. 1999). It is only when the execution of the government's policy or custom inflicts the injury that the governmental entity may be held liable under § 1983. *Board of Commissioners, Bryan County, Oklahoma v. Brown*, 520 U.S. at 403; *Victoria W. v. Larpenter*, 369 F.3d at 482; *Gros v. City of Grand Praire, Texas*, 181 F.3d at 615.

In contrast, when the discretionary decisions of a local governmental official are constrained by official governmental policies, the official's disobedience of, or departure from, those policies is not considered an act of the governmental entity for Section 1983 purposes. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-22 (1988) (*plurality*); *McConney v. City of Houston*, 863 F.2d 1180, 1184 & n.2 (5th Cir. 1989). Thus, when a non-policy-making local governmental employee acts in a manner inconsistent with established governmental policy, the governmental employer cannot be held liable therefor under Section 1983. *City of St. Louis v. Praprotnik*, 485 U.S. at 121-22; *McConney v. City of Houston*, 863 F.2d at 1184 & n.2.

13

C.  Sources of Official Policy and Acts of Final Policy-Makers

Two basic configurations can lead to a municipality's liability under Section 1983 for the acts of its officials: first, a municipality's final policy-makers are held effectively to have made policy or condoned the creation of a custom by knowingly ratifying the unconstitutional or illegal actions of subordinate officers or employees, and, second, the municipality may be held liable for the illegal or unconstitutional actions of its final policy-makers themselves as they engage in the setting of goals and the determination of how those goals will be achieved.  *Turner v. Upton County, Texas*, 915 F.2d 133, 136 (5th Cir. 1990), *cert. denied*, 498 U.S. 1069 (1991).

D.  Synthesis

Plaintiff alleges that, on the date of his arrest, an unidentified San Antonio municipal court bailiff responded to a comment made by Plaintiff by shackling Plaintiff and locking Plaintiff in an isolation cell for an extended period of time.  Plaintiff does not, however, allege any facts showing this court bailiff possessed final policymaking or decision-making authority on behalf of Bexar County, Texas.  Nor does Plaintiff allege any facts showing the allegedly wrongful actions of the court bailiff in question were undertaken in a manner consistent with either (1) official Bexar County policy or (2) a wide spread, long-standing, practice of Bexar County's non-policymaking employees attributable to final Bexar County policymakers.

> "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 847 (5th Cir.2009).  The proposed amended complaint makes no specific factual allegations of the county's policies and simply adds the words "policies, practices, and/or customs" to Whitley's perceived wrongs.  Such allegations are insufficient to survive dismissal. *See Spiller v. City of Tex. City, Police Dep't,* 130 F.3d 162, 167 (5th Cir.1997) (conclusory description of policy or custom insufficient).

14

*Whitley v. Hanna*, 726 F.3d 631, 649 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935 (2014).

> "Knowledge on the part of a policymaker that a constitutional violation will most likely result from a[n] ... official custom or policy is a *sine qua non* of municipal liability under section 1983." *Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir.2003) (footnote omitted).  Accordingly, a plaintiff must establish that the body governing a municipality, or an official to whom the body had delegated its policy-making authority, had actual or constructive knowledge of the custom or policy at issue. *Id.* (citation omitted).

*Curtis v. Anthony*, 710 F.3d 587, 595 (5th Cir. 2013).

> A claim of municipal liability under Section 1983 "requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski,* 237 F.3d at 578 (citing *Monell,* 436 U.S. at 694, 98 S. Ct. 2018). We have stated time and again that "[w]ithout an underlying constitutional violation, an essential element of municipal liability is missing." *Becerra v. Asher,* 105 F.3d 1042, 1048 (5th Cir.1997); *see also Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992) "[P]roper analysis requires us to separate two different issues when a § 1983 claim is asserted against a municipality: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation.").

*Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F.3d 849, 866-67 (5th Cir. 2012).

To succeed on a complaint against a municipality based upon an allegation that non-policymaking employees were inadequately trained, a Section 1983 plaintiff must show (1) the municipality's training procedures were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the training policy, and (3) the inadequate training policy directly caused the plaintiff's injury.  *Whitley v. Hanna*, 726 F.3d at 648-49; *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011); *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 170 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 3069 (2011); *Valle v. City of Houston*, 613 F.3d 536, 544, 546 (5th Cir. 2010), *cert. denied*, 583 U.S. 935 (2011).  The Fifth Circuit has rarely found municipal liability

15

for a failure to train claim on the basis of a single incident. *Valle v. City of Houston*, 613 F.3d at 549 ("This court has been wary of finding municipal liability on the basis of a single incident to avoid running afoul of the Supreme Court's consistent rejection of respondeat superior liability."); *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) ("a showing of deliberate indifference is difficult, although not impossible, to base upon a single incident"); *Pineda v. City of Houston*, 291 F.3d 325, 334-35 (5th Cir. 2002), *cert. denied sub nom. Navarro Pineda v. City of Houston*, 537 U.S. 1110 (2003).

Plaintiff has failed to allege any specific facts sufficient to establish an arguable basis for § 1983 liability on the part of  Bexar County, Texas for the allegedly wrongful actions of a municipal court bailiff and Bexar County prosecutors who have prosecuted, and are apparently still prosecuting, Plaintiff for violations of animal cruelty statutes.  Plaintiff has not alleged any specific facts showing that his federal constitutional rights were violated by any act or omission attributable to a final Bexar County policymaker.   Nor has Plaintiff alleged any specific facts showing that his federal constitutional rights were violated by a wide-spread, long-standing custom or practice attributable to final Bexar County policymakers.  Plaintiff's requests for both injunctive relief and monetary damages are frivolous.

Accordingly, it is hereby **ORDERED** that:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2.  All of Plaintiff's § 1983 claims in his amended complaint, filed April 15, 2016 (ECF no. 6), are **DISMISSED WITHOUT PREJUDICE.**

3.  **The Clerk of Court shall send a copy of this Memorandum Opinion and Order and the Final Judgment in this case dismissing Plaintiff's claims herein as frivolous to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so this case may be recorded in the "Three-Strikes List."**

4.  All pending motions are **DISMISSED** as moot.

**It is so ORDERED.**

**SIGNED this 27th day of April, 2016.**

_____

**XAVIER RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**

17